UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JOHN HIXSON**  NO. ____-cv-_____

**VERSUS**  JUDGE _____

**STATE FARM FIRE &**  MAGISTRATE JUDGE _____
**CASUALTY COMPANY**

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes **JOHN HIXSON** (the "Plaintiff"), who files this Complaint based upon the following allegations of fact and law:

1.

Made Defendant herein is:

STATE FARM FIRE & CASUALTY COMPANY, who may be served with a certified copy of this Complaint and the accompanying Summons through its registered agent for service of process, LOUISIANA SECRETARY OF STATE, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809 ("Defendant").

2.

This Court may exercise its jurisdiction of this matter because (1) the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00) based on the facts and circumstances described herein; and (2) there is complete diversity of citizenship between the parties. In accordance with 28 USC

1332(c), the citizenship of the parties is established as follows: (1) Defendant, upon information and belief, is a citizen of Illinois as it is incorporated in and maintains its principal place of business in Illinois; and (2) Plaintiff is a citizen of Louisiana as he is domiciled in Calcasieu Parish.

3.

The Plaintiff owns a home located at the municipal address of 3727 Placid Lane, Lake Charles, Louisiana 70605 (the "Property").

4.

Hurricane Laura made landfall in Southwest Louisiana on August 27, 2020, causing catastrophic damage in the area (the "Storm"). The Property suffered substantial damage due to the Storm.

5.

Plaintiff maintained a policy of insurance with Defendant to insure against losses sustained to the home resulting from the Storms.

6.

Plaintiff submitted proof of loss to the Defendant for the damages caused by the Storm at the Property in the total amount of $238,648.93. This proof constitutes satisfactory proof of loss under La. R.S. § 22:1892; 1973. See e.g., *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104 (La. 2008).

7.

At all relevant times, Plaintiff performed his obligations under the contract including the payment of premiums.

8.

Defendant failed to perform its contractual obligations under the Policy to reimburse its insured for losses sustained on the Property as its payments have been grossly insufficient to compensate Plaintiff for the damage to the Property.

9.

Defendant owes a statutory duty to investigate and deal with its insured in good faith. See La. R.S. § 22:1892; 1973. Defendant failed to perform its statutory duties to the insured by its insufficient payments totaling $91,965.41 after a deductible of $48,170.00.

10.

Defendant breached its obligations under the contract of insurance and is indebted to Plaintiff in an amount equal to the value of the damages sustained to the Property. These amounts are no less than $98,513.52.

11.

Further, La. R.S. § 22:1892 entitles Plaintiff to an award of penalty damages equal to 50% of the determined damages, attorney fees, and costs incurred collecting the amounts owed under the Policy. On the other hand, La. R.S. § 22:1973 entitles Plaintiff to an award of penalty damages equal to twice the amount

of damages sustained.  The penalty statutes are mutually exclusive, and the Court may enforce whichever statute entitles Plaintiff to a greater award.

12.

In addition to the breach of contract and statutory claims set forth above, Plaintiff seeks damages arising from Defendant's failure to perform its obligations under the Policy including, but not limited to, specific performance, negligence, punitive damages, and all other compensatory damages related to Defendant's conduct.

WHEREFORE, Plaintiff, JOHN HIXSON, asks that his Complaint be deemed good and sufficient and that, after all legal delays and due proceedings, judgment be rendered in his favor, and against Defendant, STATE FARM FIRE & CASUALTY COMPANY:

I. By issuing a Summons and copy of this Complaint to Defendant within the time delays allowed by law;

II. Granting to Plaintiff all relief requested herein, including, but not limited to, general damages, breach of contract, specific performance, negligence, and punitive damages arising from La. R.S. § 22:1892 or La. R.S. § 22:1973, reasonable attorney fees, and legal costs of this proceeding; and

III. Granting to Plaintiff such additional relief as the law, evidence and equity warrants, and this Court is competent to grant, including, but not limited to, attorney fees, and legal costs, as may be appropriate.

Respectfully submitted,

STUTES & LAVERGNE, LLC

/s/ Russell J. Stutes, III
RUSSELL J. STUTES, JR. (#21147)
RUSSELL J. STUTES, III (#38420)
600 Broad Street
Lake Charles, LA 70601
Telephone: (337) 433-0022
Facsimile: (337) 433-0601
Email:  rusty@stuteslaw.com
             rjs3@stuteslaw.com

*Attorneys for John Hixson*

**PLEASE SERVE UNDER FRCP 4:**

STATE FARM FIRE & CASUALTY COMPANY
*By its registered agent*:
Louisiana Secretary of State
8585 Archive Avenue
Baton Rouge, LA 70809